**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**ANDRE JACKSON**,

                     Plaintiff,

v.                                             **Case No. 14-cv-1206-pp**

**DAVID GRAVES, Walworth County Sheriff, and**
**WALWORTH COUNTY,**

                     Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 36)**

---

On April 11, 2016, the plaintiff filed a motion to compel the defendants to provide further answers to his interrogatories. Dkt. No. 36. The plaintiff states that the defendants objected to his interrogatories on the grounds that they exceeded the scope of discovery, were vague, were overbroad, were disproportional, and sought either privileged information or work product. Id. He responds that those objections and responses to his interrogatories "are inappropriate and wrongly characterize the information sought." Id. at 2. He argues that his interrogatories are relevant, probative, and germane to the issues in his case. Id. He further argues that the requested information is necessary to continue to achieve meaningful pretrial preparation. Id.

The court must deny the plaintiff's motion to compel, because he has not complied with the federal and local rules. The motion does not contain (or have attached to it) a certification that the plaintiff conferred or attempted to confer

1

with the defendants before filing his motion. Both Federal Rule of Civil Procedure 37(a)(1) and Civil Local Rule 37 require such a certification.

Under Federal Rule of Civil Procedure 37, a party is permitted to file a motion to compel discovery where another party fails to respond to interrogatories or requests for production of documents. See Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). The movant "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Additionally, Civil Local Rule 37 requires the movant to "recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. EEOC v. Klockner H & K Machines, Inc., 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citation omitted).

While the court realizes that incarcerated plaintiffs cannot call opposing counsel whenever they like, or meet with opposing counsel in person, inmates can communicate with opposing counsel in writing and try to work out the parties' differences as to discovery. The plaintiff's motion does not include a certification indicating whether he tried to work out his concerns with defense counsel by mail, nor does it state the dates or times of his communication

2

Case 2:14-cv-01206-PP    Filed 04/19/16    Page 2 of 3    Document 38

efforts, or who (if anyone) he communicated with.

The court **DENIES** the plaintiff's motion to compel. Dkt. No. 36.

Dated in Milwaukee, Wisconsin this 19th day of April, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge